[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant and his wife opened an account with the plaintiff Bank for the "Gospel Tabernacle Church of God for Christ" for which they were both signatories (EX. 1 2).
Subsequently, two checks totally $31,500 (EX. 7 8) were deposited in said account, from a closed account of "Novelty Enterprises, Ltd." which had been with American Savings Bank.
The Defendant personally obtained a $16,000 Treasurer's Check from the Plaintiff's bank which charged the Gospel Tabernacle Church account for such check.
The $31,500 checks were not honored when presented to American Savings, since the account had been closed on June 2, 1982. The "Novelty Enterprises Ltd." account had been established by the Defendant (who was the only signatory) in January 1981 and closed on June 2, 1982. (EX. #6).
The Defendant received authorization for the Treasurer's Check of $16,000 from an employee of Plaintiff Bank, who had assisted him in establishing the account. The Defendant had a 10 year personal relationship with this employee.
The checks from "Novelty Enterprises, Ltd." deposited into the "Gospel" account with plaintiff appears to contain the Defendant's signature (EX. 1 2, 7 8).
The Defendant through the surrender of stocks and a $500 payment reduced the overdraft balance to $13,951.88 its current balance. CT Page 3319
The Customer Deposit Account Agreement (Plaintiff's EX. #3) which was provided Defendant at the time the account was opened, requires Defendant to pay attorneys fee involved in collecting overdrawn funds up to 15% of any Judgement obtained.
The Plaintiff claim fees in the amount of $3,146.30.
The Court finds that the Defendant personally disposed of the proceeds of the Treasures check and is thus liable for the $13,951.88 overdrawn balance.
Further, the Plaintiff claim Treble Damages pursuant to C.G.52-564 asserting that the Defendant stole its property.
The evidence is clear and convincing that the Defendant intentionally defrauded the Plaintiff of the amount of the overdraft.
The deposits were from an account he opened and controlled, which had been closed for years. The checks appear to contain his signature, and without question he obtained the proceeds of the Treasurer's Check.
Judgement for the Plaintiff in the amount of $41,855.64, plus attorneys fee of $3,146.30 and costs taxed to the Defendant.
McWEENY, J.